**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

AHMAD AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS;
WARDEN JOHN OLIVER, in his official capacity;

    Defendants.

**COMPLAINT**

Plaintiff Ahmad Ajaj, by and through undersigned counsel, hereby submits this Complaint for violation of his rights under the First Amendment to the United States Constitution and the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb.

**I. INTRODUCTION**

1. Plaintiff Ahmad Ajaj is currently incarcerated in solitary confinement at the U.S. Penitentiary Administrative Maximum Security prison ("ADX") in Florence, Colorado. As a devout Muslim, Mr. Ajaj is required to observe Ramadan, one of the Pillars of Islam. The Pillars of Islam are five acts that observant Muslims must perform in order to practice their faith. Ramadan is a holy month during which Muslims are required to fast, meaning that observant Muslims may not ingest anything through the mouth from dawn until sunset. Muslims, like Mr. Ajaj, who are able to take required medications outside of the fasting hours without adversely affecting their health must do so in order to observe the required fast.

2. In order to observe the fast required by his faith, Mr. Ajaj has repeatedly requested that Defendants distribute his prescribed medications before dawn and after sunset during Ramadan. Defendants have, in the past, accommodated Mr. Ajaj's requests. In 2013 and 2014, however, Defendants informed Mr. Ajaj that his medications would be distributed between 6:00 a.m. and 6:00 p.m. during Ramadan – in other words, during hours when he is required by his religion to fast. Defendants further stated that they will continue to adhere to this medication distribution schedule during Ramadan in the future. Defendants' refusal to distribute Mr. Ajaj's prescribed medications before dawn and after sunset during Ramadan violates his right to exercise his religion under the First Amendment and RFRA.

## II. JURISDICTION

3. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

4. Venue is proper within this district pursuant to 28 U.S.C § 1391 because all events giving rise to the claims occurred in this judicial district.

## III. PARTIES

5. Plaintiff Ahmad Ajaj is a federal prisoner in the custody of the United States Bureau of Prisons ("BOP") who has been continuously confined in ADX at all times relevant to the allegations set forth in this Complaint.

6. Defendant BOP is an agency of the United States charged with the administration of federal prisons, including ADX. The BOP maintains physical custody of Mr. Ajaj.

7. Defendant John Oliver is the Warden of ADX, and, as such, is responsible for the care and custody of all prisoners housed in ADX. He oversees all BOP staff members at ADX,

and he has final authority and responsibility for the promulgation, creation, and implementation of policies and procedures at ADX. He is sued in his official capacity.

## IV. STATEMENT OF FACTS

**A. Islamic Law requires observant Muslims to fast during Ramadan.**

8. Ramadan is one of the Five Pillars of Islam. The Five Pillars of Islam are acts that observant Muslims are required to perform, and are the basic foundations of the Islamic religion.

9. Ramadan is a holy month during which Muslims must fast.

10. In order to observe the fast, Muslims must not ingest anything, such as food or drink, from dawn until sunset.

11. In order to observe the fast, Muslims must not ingest any medications from dawn until sunset, so long as taking those medications outside of fasting hours will not have an adverse effect on their health.

12. In 2015, Ramadan is estimated to begin on or about June 17.

**B. In order to observe the mandatory fast during Ramadan, Mr. Ajaj must take his prescribed medications before dawn and after sunset.**

13. Mr. Ajaj is a devout Muslim. His religious beliefs have been constant and unwavering throughout his life, including his years spent incarcerated.

14. Like all observant Muslims, Mr. Ajaj is required to fast during Ramadan.

15. Doctors employed by Defendant BOP have prescribed Mr. Ajaj a variety of medications for his chronic health problems. Two of the medications prescribed to him are Neurontin and Bupropion. Neurontin helps Mr. Ajaj manage the pain associated with years of medical issues, including severe spinal canal stenosis, sciatica, and fiber periphal neuropathy. Bupropion is an antidepressant.

16. Mr. Ajaj is housed in solitary confinement at ADX. BOP medical staff at ADX deliver Neurontin and Buproprion to Mr. Ajaj's cell every day.

17. If Mr. Ajaj does not take his prescription medications, he will suffer from symptoms that include severe pain in his spine and legs, numbness in his hands and feet, and difficulty sleeping.

18. Mr. Ajaj is able, however, to take his prescription medications outside of fasting hours without an adverse effect on his health.

19. In order to observe the fast during Ramadan, Mr. Ajaj is prohibited by his religious faith from ingesting his prescribed medications from dawn until sunset.

20. Mr. Ajaj has thus repeatedly requested that BOP staff at ADX deliver his medications before dawn and after sunset during the month of Ramadan.

**C.    Defendants unjustifiably prevent Mr. Ajaj from observing Ramadan.**

21. Defendants are currently refusing to deliver Mr. Ajaj's prescription medications before dawn and after sunset during Ramadan.

22. Mr. Ajaj has exhausted the formal prison grievance process as well as filed numerous other requests regarding Defendants' refusal to provide his medications before dawn and after sunset during Ramadan.

23. In these documents, Mr. Ajaj has extensively articulated how important observing Ramadan fasting is to his religious beliefs. Mr. Ajaj has informed Defendants that their refusal to distribute his medications before dawn and after sunset during Ramadan is a "disrespect to the Islamic faith and to the Holy month of Ramadan" causing him "loss of enjoyment" in the exercise of his religion.

24. In the past, Defendants have accommodated Mr. Ajaj by delivering his medications outside of the fasting hours during Ramadan, signifying that doing so is not prohibitively burdensome on Defendants.

25. For the past two years, despite recommendations from the Imam with whom Defendants consulted about the issue, as well as the Chaplain at ADX, Defendants have refused to deliver Mr. Ajaj's medications before dawn and after sunset during Ramadan.

26. Defendants have also stated that they will not distribute Mr. Ajaj's medications before dawn and after sunset during Ramadan in the future.

27. Defendants have not proffered any legitimate or compelling government interest that would justify the denial of Mr. Ajaj's request that Defendants deliver his medications before dawn and after sunset during Ramadan. In fact, Defendants have provided no reason at all as to why they are unwilling to accommodate Mr. Ajaj's request.

28. In response to Mr. Ajaj's grievances, Defendants have merely stated that "medication administration at [ADX] is conducted at set times," which "is at approximately 6:00am and 6:00pm," and "the decision was made not to make any changes to the pill line schedule" during Ramadan.

29. Absent an adjustment to the medication distribution schedule, Defendants BOP and Warden Oliver force Mr. Ajaj to choose between taking his prescribed medications and observing mandatory fasting during Ramadan.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(First Amendment – Restriction on Free Exercise of Religion Violation)**
**(Against All Defendants)**

30. Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth herein.

31. At all times relevant to the allegations set forth in this Complaint, Defendants acted or failed to act under color of federal law.

32. At all times relevant to the allegations set forth in this Complaint, Defendants were acting pursuant to federal custom, policy, or practice in their acts and omissions pertaining to their refusal to distribute Mr. Ajaj's medications before dawn and after sunset during Ramadan.

33. The First Amendment to the Constitution protects the free exercise of religion.

34. Under the First Amendment, the government shall not substantially burden a person's exercise of religion, unless the government demonstrates that the burden is in furtherance of a legitimate government interest justifying the burden.

35. As a devout Muslim, Mr. Ajaj is required to fast during the month of Ramadan, and thus has requested that BOP staff at ADX deliver his prescribed medications before dawn and after sunset.

36. BOP staff at ADX, under the direction and supervision of Defendant Oliver, have refused and continue to refuse to distribute Mr. Ajaj's prescribed medications before dawn and after sunset during Ramadan.

37. The Defendants' refusal has no rational connection to a legitimate government

interest. In their responses to Mr. Ajaj's grievances about the matter, Defendants provided no justification at all for their refusal to deliver Mr. Ajaj's medication before dawn and after sunset.

38. As an incarcerated person with no other access to his prescription medications, Mr. Ajaj has no feasible alternative means of exercising his right to fast during Ramadan.

39. Granting Mr. Ajaj's request would have minimal effects on guards, other prisoners, and prison resources generally.

40. An easy to implement alternative that would accommodate Mr. Ajajs's rights exists: delivering his prescribed medications before dawn and after sunset during Ramadan.

41. Defendants' acts and omissions are the proximate cause of the deprivation of Mr. Ajaj's rights under the First Amendment.

42. The acts or omissions of Defendants were conducted within the scope of their official duties and employment.

43. As a result of Defendants' acts or omissions, Mr. Ajaj has suffered harm and remains at risk of suffering harm during Ramadan.

## SECOND CLAIM FOR RELIEF

**(Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb Violation)**
**(Against All Defendants)**

44. Plaintiff hereby incorporates all prior paragraphs of this Complaint as if fully set forth herein.

45. Defendant BOP is an agency of the federal government and therefore falls within the definition of "government" provided in 42 U.S.C.A § 2000bb-2(1).

46. As warden of ADX, Defendant Oliver is an "official" of the United States, and therefore falls under the definition of "government" provided in 42 U.S.C.A § 2000bb-2(1).

7

47. RFRA provides broader protection for religious liberty and exercise than is available under the First Amendment.

48. As a devout Muslim, Mr. Ajaj is required to fast during the month of Ramadan, and thus has requested that BOP staff at ADX distribute his prescribed medications before dawn and after sunset.

49. BOP staff at ADX, under the direction and supervision of Defendant Oliver, have refused and continue to refuse to distribute Mr. Ajaj's prescribed medications before dawn and after sunset during Ramadan. This refusal substantially burdens Mr. Ajaj's right to exercise his sincere religious belief.

50. In their response to Mr. Ajaj's grievances about the matter, Defendants have not provided any compelling government interest for the policy of refusing to accommodate fasting during Ramadan by adjusting the medication distribution schedule.

51. Defendants' acts and omissions are the proximate cause of the deprivation of Mr. Ajaj's rights under RFRA.

52. The acts or omissions of Defendants were conducted within the scope of their official duties and employment.

53. As a result of Defendants' acts or omissions, Mr. Ajaj has suffered harm and remains at risk of suffering harm during Ramadan.

## VI. PRAYER FOR RELIEF

Plaintiff requests that this Court enter judgment for him and against each of the Defendants, and award Plaintiff all relief allowed by law, including but not limited to the following:

(a) in order to accommodate Mr. Ajaj's constitutional and statutory right to the free exercise

of his sincere religious belief, an injunction against all Defendants in their official capacities requiring BOP staff at ADX to distribute Mr. Ajaj's prescribed medication before dawn and after sunset during the month of Ramadan;

(b) a declaration that Mr. Ajaj has been deprived by Defendants of his right to freely exercise his religion under the First Amendment to the Constitution;

(c) a declaration that Mr. Ajaj has been deprived by Defendants of his right to freely exercise his religion under the Religious Freedom Restoration Act of 1993;

(d) attorney's fees and costs associated with this action, including expert witness fees, on all claims allowed by law;

(e) any further relief that this Court deems just and proper.

DATED: May 11, 2015

Respectfully submitted,

STUDENT LAW OFFICE

*s/ Lauren Fontana*

_____
Lauren Fontana
Lindsey Webb
University of Denver Sturm College of Law
Civil Rights Clinic
2255 E. Evans Ave., Suite 335
Denver, CO 80208
P: (303) 871-6780
F: (303) 871-6847
E: lfontana@law.du.edu

*Counsel for Plaintiff*