## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-0992-RBJ-KLM

AHMAD AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
WARDEN JOHN OLIVER, in his individual capacity,
WARDEN DAVID BERKEBILE, in his individual capacity,
ASSOCIATE WARDEN TARA HALL, in her individual capacity,
RELIGIOUS COUNSELOR GEORGE KNOX, in his individual capacity,
OFFICER D. PARRY, in his individual capacity,

    Defendants.

---

## ANSWER BY THE INDIVIDUAL DEFENDANTS

---

Defendants Berkebile, Hall, Oliver, Knox, and Parry ("Defendants" or "Individual Defendants") submit the following Answer to Plaintiffs' Amended Complaint (Doc. 29). Each allegation that is not specifically admitted is denied.

### I. INTRODUCTION

1. Defendants deny the allegations in the first sentence in this paragraph. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, deny.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

3. Defendants admit that the referenced Bureau policies and regulations speak for themselves and deny any allegations that are inconsistent with their contents. Defendants deny

the allegations in the last sentence of this paragraph.

4. Deny.

5. Deny.

6. Deny.

## II. JURISDICTION AND VENUE

7. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff asserts jurisdiction as stated in paragraph seven of the Amended Complaint.

8. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff asserts venue as stated in paragraph eight of the Amended Complaint.

## III. PARTIES

9. Defendants admit that Plaintiff is a federal inmate in the custody of the Bureau and is currently incarcerated at ADX Florence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in second paragraph.

10. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 111). Therefore, no response is required.

11. Admit.

12. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 111). Therefore, no response is required.

13. Defendants admit that Defendant Oliver was previously the Warden at ADX Florence. Defendants deny the remaining allegations in this paragraph.

14. Defendants admit that Defendant Berkebile was previously the Warden at ADX Florence. Defendants deny the remaining allegations in this paragraph.

15. Defendants admit that Defendant Hall was previously an Associate Warden at ADX Florence. Defendants deny the remaining allegations in this paragraph.

16. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

17. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

18. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

19. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

20. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

21. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

22. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

23. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

24. This paragraph pertains to a defendant who has been dismissed from this action (*see* Doc. 113 at 19). Therefore, no response is required.

25. Defendants admit that Defendant Knox was previously an employee at ADX Florence in the Religious Services Department. Defendants deny the remaining allegations of this paragraph.

26. Defendants admit that Defendant Parry is a correctional officer at ADX Florence. Defendants deny the remaining allegations in this paragraph.

## IV. **STATEMENT OF FACTS**

27. Defendants admit that Plaintiff is a federal inmate in the custody of the Bureau and is currently incarcerated at ADX Florence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in second paragraph.

28. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

29. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

30. The Individual Defendants admit that inmates housed in a SHU are generally separated from general population inmates. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

31. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

32. The Individual Defendants admit that ADX Florence is the most secure federal prison, that it is sometimes referred to as the "Alcatraz of the Rockies," and that it houses some

of the most dangerous and disruptive inmates in the federal system as well as state boarders. Defendants deny the remaining allegations in this paragraph.

33. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

34. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

35. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

36. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

37. The Individual Defendants admit that inmates who reside in a CMU have their communications monitored.  Otherwise deny.

38. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

39. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

40. The Individual Defendants admit that Plaintiff was transferred back to ADX in 2012. Otherwise deny.

41. The allegations in this paragraph are directed at the Bureau of Prisons. Therefore, no response is denied. To the extent that a response is required, deny.

42. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

43. The allegations in this paragraph are directed at the Bureau of Prisons. Therefore, no response is denied. To the extent that a response is required, deny.

44. Deny.

45. Deny.

46. The allegations in this paragraph are directed at the Bureau of Prisons. Therefore, no response is denied. To the extent that a response is required, denied.

47. Deny.

48.-243. The allegations in these paragraphs relate to claims that are not asserted against the Individual Defendants. Therefore, no response is required.

244-292. The allegations in these paragraphs relate to a claim against Defendants Berkebile and Hall that has been dismissed. Therefore, no response is required.

293. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

294. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

295. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

296. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

297. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

298. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

299. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

300. Defendants admit that inmates at ADX Florence are allowed to interact during recreation periods. Otherwise deny.

301. Defendants admit that inmates at ADX Florence are allowed to communicate with each other. Otherwise deny.

302. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

303. Deny.

304. Defendants admit that congregate prayers of any religious group are not allowed at ADX Florence.

305. The allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

306. The allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

307. Deny.

308. Deny.

309. Deny.

310. Deny.

311. Deny.

312. Deny.

313. The allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

314. The allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

315. Deny.

316. Deny.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

317-354. The individual-capacity claims in the First Claim for Relief have been dismissed. Therefore, no response is required from the individual Defendants.

### SECOND CLAIM FOR RELIEF

355-390. The individual-capacity claims in the Second Claim for Relief have been dismissed. Therefore, no response is required from the individual Defendants.

## THIRD CLAIM FOR RELIEF

391-399. Claim Three has been dismissed from this action (*see* Doc. 111). Therefore, no response is required.

## FOURTH CLAIM FOR RELIEF

400. Defendants incorporate by reference their responses to all allegations made in the preceding paragraphs.

401. This paragraph contains Plaintiff's conclusions of law, to which no response is required. Further, the allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

402. This paragraph contains Plaintiff's conclusions of law, to which no response is required. Further, the allegations of this paragraph are directed, in part, to a Defendant who has been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

403. The allegations of this paragraph are directed, in part, to a Defendant who has been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

404. The allegations of this paragraph are directed, in part, to a Defendant who has been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

405. Deny.

406. This allegation relates to a claim that has been dismissed and therefore no response is required.

407. The allegations of this paragraph are directed to the Bureau and to a Defendant who has been dismissed, and therefore no response is required to those allegations.

408. The allegations of this paragraph are directed to the Bureau and a Defendant who has been dismissed, and therefore no response is required to those allegations.

409. The allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

410. The allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

411. This paragraph contains Plaintiff's conclusions of law, to which no response is required. Further, the allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

412. This paragraph contains Plaintiff's conclusions of law, to which no response is required. Further, the allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

413. This paragraph contains Plaintiff's conclusions of law, to which no response is required. Further, the allegations of this paragraph are directed, in part, to Defendants who have

been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

      414.    This paragraph contains Plaintiff's conclusions of law, to which no response is required. Further, the allegations of this paragraph are directed, in part, to Defendants who have been dismissed, and therefore no response is required to those allegations. The Individual Defendants deny the allegations asserted against them in this paragraph.

## VI. PRAYER FOR RELIEF

The remaining paragraphs of the Amended Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief he seeks.

## DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. There is no *Bivens* remedy for the remaining Equal Protection claim in Claim Four.

3. Plaintiff's claims may be barred in whole or in part by his failure to mitigate his claimed injuries and damages, if any.

4. Any claims that accrued prior to May 11, 2013, are barred by the statute of limitations.

5. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to properly exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) before the Amended Complaint was filed.

6. Plaintiff's claims are barred in whole or in part by the Prisoner Litigation Reform Act because he did not suffer any physical injury.

7. The Individual Defendants are entitled to qualified immunity.

8. This Answer is being filed based on Defendants' current knowledge of the facts after reasonable inquiry into Plaintiff's allegations in the Amended Complaint. Defendants reserve the right to amend this Answer to plead any additional defenses or any applicable state and federal statutes that may be applicable, as they are revealed through discovery.

## JURY DEMAND

Defendants demand a jury on the claim against them.

Dated:  November 15, 2016.                    Respectfully Submitted,

ROBERT C. TROYER
Acting United States Attorney

*s/ Amy L. Padden*
Amy L. Padden
Acting Executive Assistant United States Attorney
Deputy Chief, Civil Division
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone: (303) 454-0100
Fax: (303) 454-0408
amy.padden@usdoj.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on November 15, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

lrovner@law.du.edu
ngodfrey@law.du.edu
lwebb@law.du.edu

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand- delivery, etc.) indicated by the nonparticipant's name:

None.

*s/ Amy L. Padden*
United States Attorney's Office