**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00992-RBJ-KLM

AHMAD AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

**DEFENDANT'S MOTION TO AMEND THE JUDGMENT**

---

    The Federal Bureau of Prisons ("BOP") moves under Federal Rule of Civil Procedure 59(e) to amend the Final Judgment in two respects, in order to conform the judgment to the Court's rulings on each of Mr. Ajaj's claims.

    The Amended Complaint, filed on October 9, 2015, asserted various claims against seventeen defendants. During the case, the Court dismissed a number of these claims and all of the individual defendants. *See* ECF Nos. 111, 135, 243, 264, & 265. Before trial, the parties also stipulated to the dismissal of Mr. Ajaj's claims under the First Amendment. ECF No. 211. During the trial, Mr. Ajaj voluntarily dismissed his equal protection claim. ECF No. 291 at 9 n.2.

    By the end of the trial, two claims remained, both under the Religious Freedom Restoration Act ("RFRA"): Mr. Ajaj's claim concerning a halal diet, and his claim concerning an imam. *Id.* at 14 (observing that "by the time of trial" the plaintiff had "two remaining claims," one concerning his diet and the other concerning the imam). The Court granted Mr.

Ajaj relief on the halal diet claim. *See id.* at 9-11 ("enjoin[ing] the BOP from discontinuing Mr. Ajaj's certified halal diet unless that is required to serve a compelling governmental interest and no reasonable alternative exists"). The Court ruled in favor of BOP on the imam claim. *See id.* at 11-14 (ruling that there was no substantial burden on Mr. Ajaj's belief, and ruling that if there were, the BOP has "compelling governmental interests that permit the burden").

The Final Judgment, however, reflects only the Court's ruling on the halal-diet claim under RFRA. *See* ECF No. 292 at 1. Specifically, the Final Judgment refers to the Court's injunction on the halal diet, *id.* (ordering "that the United States Bureau of Prisons is enjoined from discontinuing Mr. Ajaj's certified halal diet unless that is required to serve a compelling government interest and no reasonable alternative exists"), and then states generally—without referring to any claim—that judgment is entered for the plaintiff. *Id.* (ordering "that judgment is entered on behalf of the plaintiff, Ahmed Ajaj, and against the Defendant, United States Bureau of Prisons."). The Final Judgment does not recognize the Court's ruling on the imam claim. Nor does it clearly enter judgment on its disposition of the other claims in the case, consistent with its orders issued prior to trial.

Federal Rule of Civil Procedure 58(a) requires courts to issue judgments separately from other orders of dismissal, with only a few limited exceptions not relevant here. Fed. R. Civ. P. 58(a)[1]; *see also Lewis v. Clark*, 577 F. App'x 786, 792–93 (10th Cir. 2014) (concluding that "the district court failed to enter the required separate document along with its dismissal order" and citing Rule 58(a) for the requirement that "[e]very judgment" "be set out in a separate document"

---

[1] None of these exceptions apply here. They include orders disposing of: (1) a motion for judgment under Rule 50(b); (2) a motion to amend or make additional findings under Rule 52(b); (3) a motion for attorney's fees under Rule 54; (4) a motion for a new trial, or to alter or amend the judgment, under Rule 59; or (5) a motion for relief under Rule 60. Fed. R. Civ. P. 58(a)(1)–(5).

in all but five exceptions); *Constien v. United States*, 628 F.3d 1207, 1211 & n.1 (10th Cir. 2010) (explaining that only "some orders" can be disposed of in orders that do not require a separate judgment, and citing Rule 58(a)(1)–(5)).

A court's final judgment, to end the action, should reflect its adjudication of all the claims. *See* Fed. R. Civ. P. 54(b) (stating that when an action presents more than one claim for relief, or when multiple parties are involved, any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"); s*ee also* Fed. R. Civ. P. 54(c) ("Every other final judgment should grant the relief to which *each party* is entitled[.]") (emphasis added).

Here, as explained above, the Final Judgment does not reflect the Court's adjudication of all the claims in the action, for two reasons. *First*, the Final Judgment does not reflect the Court's ruling on both claims that went to trial, including the ruling in favor of the BOP on the imam claim. This issue can be readily addressed by simply adding a sentence that reflects that the Court ruled for the BOP on the imam claim.

*Second*, the Final Judgment does not make clear that it is entering judgment consistent with its orders issued prior to the trial. The Final Judgment states, "In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered." ECF 292 at 1. But "the following" judgment that follows does not reflect those prior orders: it simply enters judgment for Mr. Ajaj, which is a judgment that is *not* consistent with all the prior orders. This issue can be readily addressed by simply deleting the words "the following." The sentence would then read: "In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), Final Judgment is hereby entered." That alteration, along with one additional sentence stating that

"judgment on all other claims is entered consistent with the Court's orders issued prior to trial," would make clear that judgment is being entered consistent with those prior orders.

The BOP has attached a proposed amended judgment reflecting these changes, Exhibit 1, as well as a redline comparison between the original and proposed amended judgments. Exhibit 2.

Undersigned counsel has consulted with counsel for Mr. Ajaj, who represented that he opposes the relief sought in this motion.

For the reasons set forth here, the Court should exercise its authority pursuant to Rule 59(e) to amend the Final Judgment.

Respectfully submitted on October 12, 2018.

    ROBERT C. TROYER
    United States Attorney

    *s/Susan Prose*
    Susan Prose
    Assistant United States Attorney
    1801 California Street, Suite 1600
    Denver, CO  80202
    Telephone:  303-454-0100
    Fax:  303-454-0404
    Email:  susan.prose@usdoj.gov

    Counsel for the Federal Bureau of Prisons

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

   I hereby certify that on October 12, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

  ngodfrey@law.du.edu
  lrovner@law.du.edu
  djefferies@law.du.edu


          s/ *Susan Prose*
          Susan Prose
          United States Attorney's Office