# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00992-RBJ-KLM

AHMAD AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, *et al.*

    Defendants.

---

## **JOINT** MOTION TO EXTEND DEADLINE TO FILE NOTICE OF APPEAL

---

The parties, through undersigned counsel and pursuant to Fed. R. App. P. 4(a)(5)(A) and D.C.COLO.LCivR 6.1, respectfully request an extension of time of thirty days—or until July 15, 2019[1]—to file any Notice of Appeal in this case. In support thereof, the parties state as follows:

1. Mr. Ajaj filed this case on May 11, 2015. Doc. 1. After several years of motions briefing and discovery, the case proceeded to trial against Defendant Federal Bureau of Prisons (BOP) on August 27-28, 2018. *See generally* Doc. 297-98 (Bench Trial Transcripts). After trial, on September 13, 2018, the Court issued its Findings, Conclusions and Order of Judgment, issuing an injunction against Defendant BOP, finding that "[Mr. Ajaj] was the prevailing party," and awarding Mr. Ajaj "a reasonable attorney's fee." Doc. 291. Final judgment entered that same day. Doc. 292.

---

[1] Thirty days from June 14, 2019, the current notice of appeal deadline, is July 14, 2019, a Sunday. The parties, therefore, request the Court extend the deadline to the next business day, Monday, July 15, 2019.

2. Defendant BOP filed a Motion to Amend the Judgment on October 12, 2018. Doc. 301. Mr. Ajaj responded (Doc. 304), and Defendant BOP replied (Doc. 307).

3. While that motion was pending before the Court, the parties engaged in negotiation on Mr. Ajaj's attorneys' fees and costs as well as Defendant BOP's compliance with the Court's injunction. *See generally* Doc. 315 at 1-2 (outlining negotiation history).

4. Defendant BOP transferred Mr. Ajaj from the United States Penitentiary-Terre Haute in Terre Haute, Indiana, to the United States Penitentiary-Allenwood in Allenwood, Pennsylvania (USP-Allenwood). *Id.* at 2. After the transfer, the parties could not reach agreement on the issues surrounding Defendant BOP's compliance with the injunction, so Mr. Ajaj filed his Petition for Attorneys' Fees and Expenses (Doc. 315), Proposed Bill of Costs (Doc. 316), Motion for Order to Show Cause Why Defendant BOP Should Not Be Held in Contempt (Doc. 317), and Motion for Relief from Order (Doc. 243) and Judgment (Doc. 292) (Doc. 318) on March 1, 2019.

5. Defendant BOP did not file a response to Mr. Ajaj's Petition for Attorneys' Fees and Expenses, but the parties fully briefed the other motions (*see* Doc. 325, 326, 328, 329) and the clerk set a costs hearing for May 2, 2019 (Doc. 327). On April 15, 2019, the Court issued its Order on Post-Trial Motions (Doc. 330), granting Defendant BOP's motion to amend the judgment and denying Mr. Ajaj's motions. As to Mr. Ajaj's request for attorneys' fees, the Court ordered the parties "to resume negotiations toward a reasonable compromise." (Doc. 330). In light of the Court's order, the parties requested the clerk vacate the costs hearing. Doc. 332.

6. In accordance with its order, the Court issued an Amended Final Judgment on April 15, 2019 (Doc. 331), thereby setting the deadline for the parties to file a notice of appeal for June 14, 2019. *See* Fed. R. App. P. 4(a)(1)(B) (setting the deadline to file a notice of appeal as sixty days after entry of the judgment in any case involving the United States, its agencies, or its officers).

7. The parties are currently discussing the most efficient way in which to continue negotiating the issue of attorneys' fees and costs, resolution of which may impact the issues for appeal. The parties intend to soon file a Joint Motion for Referral for Settlement Conference with Magistrate Judge Mix and are hopeful that will be an effective and efficient way forward.

8. Federal Rule of Appellate Procedure 4(a)(5) allows the district court to extend the deadline to file a notice of appeal for up to thirty days so long as the moving party requests the extension within thirty days of the original deadline and "if the moving party 'shows excusable neglect *or good cause*.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1206 n.2 (10th Cir. 2004) (quoting Fed. R. App. P. 4(A)(5)(A)(ii)) (emphasis in original).

9. "The factors relevant to an excusable-neglect decision include 'the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Bishop*, 371 F.3d at 1206, quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

10. "The concept of good cause 'take[s] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite.'" *Bishop*, 371 F.3d at 1207,

quoting *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000). In such cases, "the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments).

11. The parties submit this motion meets the requirements of the rule and therefore respectfully request the thirty-day extension.

   a. First, the parties have filed this motion prior to the expiration of the deadline to file a notice of appeal, and thus have met the requirements of Federal Rule of Appellate Procedure 4(a)(5)(A)(i).

   b. Second, the parties submit the circumstances of this case justify a finding of excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii).

      i. Initially, there is no danger of prejudice to either party here because this motion is brought jointly.

      ii. Additionally, the delay is minimal—a mere thirty days—and the reasons for it are to promote judicial economy: This request is intended to allow the parties time to further negotiate the issue of attorneys' fees, which may narrow and/or limit the issues for appeal in this case.

      iii. Moreover, Mr. Ajaj submits that the delay in resolution of attorneys' fees was occasioned in part by the limited access his counsel has had to their client since his transfer to USP-Allenwood in February 2019. Prior to this transfer, Defendant BOP allowed Mr. Ajaj frequent, hour-long phone calls with his counsel to allow time for full client counseling on all issues related

    to this case. Since the transfer, Defendant BOP has severely limited the length and frequency of calls it permits Mr. Ajaj to have with his counsel. This has restricted the ability of Mr. Ajaj and his counsel to discuss the extensive record in this case, to consult on which issues are viable for appeal, and to determine next steps in the negotiation on attorneys' fees. Because of the limited access to Mr. Ajaj, undersigned counsel attempted to schedule an in-person legal visit with Mr. Ajaj on May 16, 2019, but Defendant BOP informed undersigned counsel they could not visit Mr. Ajaj on that day. This caused undersigned counsel to change travel plans in order to visit Mr. Ajaj on May 21, 2019. Because of the remote location of USP-Allenwood, undersigned counsel was travelling or visiting with Mr. Ajaj from May 20 to May 22, 2019

iv. Compounding this lack of access to Mr. Ajaj are other personal and professional obligations on Mr. Ajaj's counsel in the last months since the Court issued its Amended Judgment. First, counsel Nicole B. Godfrey and Danielle C. Jefferis were out of town to present at and attend a pre-planned professional conference from May 4 to May 8, 2019, and Ms. Godfrey presented at and attended a second out of town, pre-planned professional conference from May 8 to May 10, 2019. Relatedly, counsel Laura L. Rovner is out of the country on other professional obligations from May 16 to June 16, 2019. Second, Ms. Godfrey was out of town May 11 to May 20, 2019 and again May 22 to May 26, 2019 for a family emergency and

    funeral. Finally, Ms. Jefferis and Ms. Godfrey had pre-planned vacations out of the country May 26 to June 6, 2019 and June 11 to 25, 2019, respectively.

   v. Finally, counsel Darold W. Killmer only entered his appearance on May 31, 2019, and has not had sufficient time to come up to speed on the extensive, years-long record in the case.

   vi. Counsel for the BOP are willing and eager to engage in further discussions and are hopeful that further discussions will be productive.

 c. Combined, these circumstances are "unique and extraordinary," *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974) (quotation omitted), such that they justify the brief requested extension here.

 d. Finally, the parties' request for an extension is made in good faith to allow the parties the opportunity to settle the issue of attorneys' fees and perhaps narrow the issues for appeal.

12. For the reasons outlined above, the parties have demonstrated excusable neglect or good cause sufficient to justify their requested extension under Federal Rule of Appellate Procedure 4(a)(5)(ii).

13. For the foregoing reasons, the parties respectfully request a thirty-day extension of the deadline on which they must file a notice of appeal, setting the deadline for July 15, 2019.

14. Pursuant to D.C.Colo.LCivR 6.1(b), undersigned counsel states that this is the first extension of time requests for the notice of appeal deadline.

15. Pursuant to D.C.Colo.LCivR 6.1(c), undersigned counsel certifies that a copy of this motion will be served upon their respective clients.

DATED: June 11, 2019

| STUDENT LAW OFFICE | JASON R. DUNN |
|---|---|
| | United States Attorney |
| *s/ Danielle C. Jefferis* | |
| Danielle C. Jefferis | *s/ Susan Prose* |
| Nicole B. Godfrey | Susan Prose |
| Laura L. Rovner | Lauren M. Dickey |
| University of Denver Sturm College of Law | Assistant United States Attorneys |
| Civil Rights Clinic | United States Attorney's Office |
| 2255 E. Evans Ave., Suite 335 | 1801 California Street, Suite 1600 |
| Denver, CO 80208 | Denver, CO 80202 |
| P: (303) 871-6574 | T: (303) 454-0100 |
| E: djefferis@law.du.edu | E: susan.prose@usdoj.gov |

KILLMER, LANE & NEWMAN, LLP            *Counsel for Defendants*

*s/ Darold W. Killmer*
Darold W. Killmer
1543 Champa Street, Suite 400
Denver, CO 80202
P: (303) 571-1000
F: (303) 571-1001
E: dkillmer@kln-law.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2019, I electronically filed the foregoing **JOINT MOTION TO EXTEND DEADLINE TO FILE NOTICE OF APPEAL** with the Clerk of Court using the CM/ECF system, which will send electronic notification via e-mail to the following:

| | | |
|---|---|---|
| Susan Prose | Lauren Dickey | Clay Cook |
| Susan.Prose@usdoj.gov | Lauren.Dickey2@usdoj.gov | c2cook@bop.gov |
| | | |
| Kevin Traskos | Marcy Cook | |
| Kevin.Traskos@usdoj.gov | Marcy.Cook@usdoj.gov | |

*Counsel for Defendants*

I also hereby certify that I mailed a copy of the foregoing to the following non-CM/ECF participants in this manner:

Ahmad Ajaj, #40637-053
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

*s/ Danielle C. Jefferis*