# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00992-RBJ-KLM

AHMAD AJAJ,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

## **JOINT** MOTION FOR REFERRAL FOR SETTLEMENT CONFERENCE

---

The parties, through undersigned counsel, hereby submit this joint motion for referral to Magistrate Judge Mix for a settlement conference on the issues of attorneys' fees and costs. In support thereof, the parties state as follows:

1. Mr. Ajaj filed this case on May 11, 2015. Doc. 1. After several years of motions briefing and discovery, the case proceeded to trial against Defendant Federal Bureau of Prisons (BOP) on August 27 and 28, 2018. *See generally* Doc. 297-98 (Bench Trial Transcripts). After trial, on September 13, 2018, the Court issued its Findings, Conclusions and Order of Judgment, issuing an injunction against Defendant BOP, finding that "[Mr. Ajaj] was the prevailing party," and awarding Mr. Ajaj "a reasonable attorney's fee." Doc. 291. Final judgment entered that same day. Doc. 292.

2. Defendant BOP filed a Motion to Amend the Judgment on October 12, 2018. Doc. 301. Mr. Ajaj responded (Doc. 304), and Defendant BOP replied (Doc. 307).

3. While that motion was pending before the Court, the parties engaged in negotiation on Mr. Ajaj's attorneys' fees and costs as well as Defendant BOP's compliance with the Court's injunction. *See generally* Doc. 315 at 1-2 (outlining negotiation history).

4. In February 2019, Defendant BOP transferred Mr. Ajaj from the United States Penitentiary-Terre Haute in Terre Haute, Indiana, to the United States Penitentiary-Allenwood in Allenwood, Pennsylvania. *Id.* at 2. After the transfer, the parties could not reach agreement on the issues surrounding Defendant BOP's compliance with the injunction, so Mr. Ajaj filed his Petition for Attorneys' Fees and Expenses (Doc. 315), Proposed Bill of Costs (Doc. 316), Motion for Order to Show Cause Why Defendant BOP Should Not be Held in Contempt (Doc. 317), and Motion for Relief from Order (Doc. 243) and Judgment (Doc. 292) (Doc. 318) on March 1, 2019.

5. Defendant BOP did not respond to Mr. Ajaj's Petition for Attorneys' Fees and Expenses, but the parties fully briefed the other motions (*see* Doc. 325, 326, 328, 329) and the clerk set a costs hearing for May 2, 2019 (Doc. 327). On April 15, 2019, the Court issued its Order on Post-Trial Motions (Doc. 330), granting Defendant BOP's motion to amend the judgment and denying Mr. Ajaj's motions. As to Mr. Ajaj's request for attorneys' fees, the Court ordered the parties "to resume negotiations toward a reasonable compromise." (Doc. 330). In light of the Court's order, the parties requested the clerk vacate the costs hearing. Doc. 332.

6. The parties submit that their efforts to reach a reasonable compromise could be achieved more efficiently with the assistance of Magistrate Judge Mix. In part, a settlement conference would allow for a more efficient resolution because both parties would

necessarily need to be available during the course of the settlement conference, which would therefore avoid the delay inherent to requiring Mr. Ajaj's counsel to set a legal call with Defendant BOP staff each time it must convey a new offer to Mr. Ajaj. Defendant BOP has informed Mr. Ajaj's counsel that staff at USP-Allenwood will arrange for Mr. Ajaj to remain in his housing unit during the settlement conference with a case manager or counselor available to quickly bring him to the phone within a few minutes of a request from Mr. Ajaj's counsel or the Court. Further, Mr. Ajaj is incarcerated and indigent; therefore, this case would be more cost effectively mediated by a magistrate judge rather than a private mediator.

7. Pursuant to D.C.Colo.LCivR 16.6, a district judge "may direct the parties to a suit to engage in an early neutral evaluation or other alternative dispute resolution proceeding." The parties would agree to such an order and are requesting that the Court enter an order of referral to allow Magistrate Judge Mix to set a settlement conference on the issue of attorneys' fees and costs at the Court's convenience.

WHEREFORE, the parties respectfully move this Court for an order of reference to Magistrate Judge Mix for the purpose of holding a settlement conference.

DATED: June 13, 2019

| STUDENT LAW OFFICE | JASON R. DUNN<br>United States Attorney |
|---|---|
| *s/ Danielle C. Jefferis*<br>Danielle C. Jefferis<br>Nicole B. Godfrey<br>Laura L. Rovner<br>University of Denver Sturm College of Law<br>Civil Rights Clinic<br>2255 E. Evans Ave., Suite 335 | *s/ Susan Prose*<br>Susan Prose<br>Lauren M. Dickey<br>Assistant United States Attorneys<br>United States Attorney's Office<br>1801 California Street, Suite 1600 |

Denver, CO 80208  
P: (303) 871-6155  
E: djefferis@law.du.edu

KILLMER, LANE & NEWMAN, LLP

*s/ Darold W. Killmer*  
Darold W. Killmer  
1543 Champa Street, Suite 400  
Denver, CO 80202  
P: (303) 571-1000  
F: (303) 571-1001  
E: dkillmer@kln-law.com

*Counsel for Plaintiff*

Denver, CO 80202  
T: (303) 454-0100  
E: susan.prose@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 13, 2019, I electronically filed the foregoing **JOINT MOTION FOR REFERRAL FOR SETTLEMENT CONFERENCE** with the Clerk of Court using the CM/ECF system, which will send electronic notification via e-mail to the following:

Susan Prose  
Susan.Prose@usdoj.gov

Kevin Traskos  
Kevin.Traskos@usdoj.gov

Lauren Dickey  
Lauren.Dickey2@usdoj.gov

Marcy Cook  
Marcy.Cook@usdoj.gov

Clay Cook  
c2cook@bop.gov

*Counsel for Defendants*

                                                *s/ Danielle C. Jefferis*